UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  1:12-cv-40032-JLT

| | |
|---|---|
| RUSSELL JARVIS, JAMES JARVIS, ROBERT CRAMPTON and COMMONWEALTH SECOND AMENDMENT, INC., | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, | ) ) ) ) ) ) ) |
| Defendants | ) |

*ANSWER OF VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT*
*TO AMENDED COMPLAINT*

1. The allegations contained in paragraph 1 consist of legal conclusions to which no responsive pleading is required.

2. The allegations contained in paragraph 2 consist of legal conclusions to which no responsive pleading is required.

3. The allegations contained in paragraph 3 consist of legal conclusions to which no responsive pleading is required.

4. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

5. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Amended Complaint.

6. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the Amended Complaint.

7. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Amended Complaint.

8. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of the Amended Complaint.

9. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, admits the allegations contained in paragraph 9 of the Amended Complaint.

10. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, admits the allegations contained in paragraph 10 of the Amended Complaint.

### *JURISDICTION AND VENUE*

11. The allegations contained in paragraph 11 consist of legal conclusions to which no responsive pleading is required.

12. The allegations contained in paragraph 12 consist of legal conclusions to which no responsive pleading is required.

13. The allegations contained in paragraph 13 consist of legal conclusions to which no responsive pleading is required.

14. The allegations contained in paragraph 14 consist of legal conclusions to which no responsive pleading is required.

15. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

16. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

### *MASSACHUSETTS STATE LAWS*

17. The allegations contained in paragraph 17 consist of legal conclusions to which no responsive pleading is required.

18. The allegations contained in paragraph 18 consist of legal conclusions to which no responsive pleading is required.

19. The allegations contained in paragraph 19 consist of legal conclusions to which no responsive pleading is required.

20. The allegations contained in paragraph 20 consist of legal conclusions to which no responsive pleading is required.

21. The allegations contained in paragraph 21 consist of legal conclusions to which no responsive pleading is required.

22. The allegations contained in paragraph 22 consist of legal conclusions to which no responsive pleading is required.

23. The allegations contained in paragraph 23 consist of legal conclusions to which no responsive pleading is required.

24. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

25. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

26. The allegations contained in paragraph 26 consist of legal conclusions to which no responsive pleading is required.

### *ROLE OF DEFENDANT VILLAGE VAULT*

27. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, admits the allegations contained in paragraph 27 of the Amended Complaint.

28. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, admits that when it receives firearms or ammunition, it immediately imposes fees of $15 per item for "handling" as well as a $45 charge for "administration" and requires the payment of a $20 per-item "disposition or "transfer" fee to transfer firearms from its custody to a third party designated by the owner.  The defendant, Village Gun Shop, Inc. d/b/a Village Vault denies that it requires payment of $20 per item for "disposition" or "transfer" fee to transfer firearms or ammunition from its custody to the owner and denies that it requires payment of $20 per item for "disposition" or "transfer" of ammunition from its custody. Further the defendant admits that it also charges storage fees of $0.50 per day for each item (e.g. firearm or case of ammunition, not a box) received from the police.

29. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, admits the allegations contained in paragraph 29 of the Amended Complaint.

30. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 30 of the Amended Complaint.

31. The allegations contained in paragraph 31 consist of legal conclusions to which no responsive pleading is required.

### *ROLE OF DEFENDANT SECRETARY HEFFERNAN*

32. The allegations contained in paragraph 32 consist of legal conclusions to which no responsive pleading is required.

33. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 33 of the Amended Complaint.

34. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 34 of the Amended Complaint.

35. No answer is required of the defendant Village Gun Shop, Inc. d/b/a Village Vault.

### *IMPACT ON PLAINTIFFS*

36. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 36 of the Amended Complaint.

37. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 37 of the Amended Complaint.

38. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 38 of the Amended Complaint.

39. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 39 of the Amended Complaint.

40. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 40 of the Amended Complaint.

41. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 41 of the Amended Complaint.

42. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 42 of the Amended Complaint.

43. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 43 of the Amended Complaint.

44. The defendant, Village Gun Shop, Inc. d/b/a Village Vault admits that on August 11, 2010 the State Police Transferred the firearms, ammunition, and other items to defendant, Village Vault.  The defendant, Village Gun Shop, Inc. d/b/a Village Vault is without sufficient knowledge to either admit or deny whether the State Police did not tell Russell Jarvis or James Jarvis that they had transferred the items to Village Vault.

45. The Defendant, Village Vault, admits the allegations contained in the first and second sentences of Paragraph 45 of the Plaintiff's Amended Complaint.  Said Defendant admits the allegations contained in the third sentence of Paragraph 45 of the Plaintiff's Amended Complaint, with the exception that said registration fee does not apply to ammunition and is not a total of $680.00.  Said Defendant further states, that relating to the fourth sentence of said paragraph, it was not from the moment that said Defendant received the items, at which time Russell Jarvis and James Jarvis needed to pay and further that they did not need to pay a total of $1,225.00 to secure the items return or transfer.  Said Defendant denies the allegations contained in the fifth sentence of Paragraph 45 of the Plaintiff's Amended Complaint.

46. The Defendant, Village Vault, admits the allegations contained in the first sentence of Paragraph 46 of the Plaintiff's Amended Complaint.  Said Defendant admits the allegations contained the second sentence of Plaintiff's said paragraph, with the exception that the actual cost was not increased to $1,745.00.  Said Defendant denies the allegations contained in the third sentence of Paragraph 26 of the Plaintiff's Amended Complaint.

47. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 47 of the Amended Complaint.

48. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 48 of the Amended Complaint.

49. The defendant, Village Gun Shop, Inc. d/b/a Village Vault admits the allegations contained in paragraph 49 of the Amended Complaint.

50. The defendant, Village Gun Shop, Inc. d/b/a Village Vault admits the allegations contained in paragraph 50 of the Amended Complaint.

Robert Crampton

51. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 51 of the Amended Complaint.

52. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 52 of the Amended Complaint.

53. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 53 of the Amended Complaint.

54. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 54 of the Amended Complaint.

55. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 55 of the Amended Complaint.

56. The defendant, Village Gun Shop, Inc. d/b/a Village Vault admits the allegations contained in paragraph 56 of the Amended Complaint.

57. The Defendant, Village Vault, admits the allegations contained in the first sentence of Paragraph 57 of the Plaintiff's Amended Complaint. Said Defendant admits the allegations contained in the second sentence of said Paragraph, with the exception that no fee is charged for ammunition. Said Defendant further states that it was not from the moment that said Defendant received the firearms and ammunition that Mr. Crampton needed to pay, in fact, he would never need to pay a "registration" or "disposition" fee as it relates to ammunition and it was not a total of $150.00 to secure their return. Said Defendant denies the allegations contained in the fourth sentence of said Paragraph of the Plaintiff's Amended Complaint. Said Defendant admits the allegations contained in the fifth sentence of Paragraph 57 of the Plaintiff's Amended Complaint.

58. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 58 of the Amended Complaint.

59. The defendant, Village Gun Shop, Inc. d/b/a Village Vault admits the allegations contained in paragraph 59 of the Amended Complaint.

60. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 60 of the Amended Complaint.

61. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 61 of the Amended Complaint.

62. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 62 of the Amended Complaint.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE A HEARING

63. The allegations contained in paragraph 63 consist of legal conclusions to which no responsive pleading is required.

64. The allegations contained in paragraph 64 consist of legal conclusions to which no responsive pleading is required.

65. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

66. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

67. The defendant, Village Gun Shop, Inc. d/b/a Village Vault denies the allegations contained in paragraph 67 of the Amended Complaint.

68. The defendant, Village Gun Shop, Inc. d/b/a Village Vault denies the allegations contained in paragraph 68 of the Amended Complaint.

69. The defendant, Village Gun Shop, Inc. d/b/a Village Vault denies the allegations contained in paragraph 69 of the Amended Complaint.

### SECOND CAUSE OF ACTION
### INADEQUATE PROCEDURAL PROTECTIONS

70. The allegations contained in paragraph 70 consist of legal conclusions to which no responsive pleading is required.

71. The defendant, Village Gun Shop, Inc. d/b/a Village Vault, is without sufficient knowledge to either admit or deny the allegations contained in paragraph 71 of the Amended Complaint.

72. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

73. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

74. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

75. The defendant, Village Gun Shop, Inc. d/b/a Village Vault denies the allegations contained in paragraph 75 of the Amended Complaint.

76. No answer is required of the defendant, Village Gun Shop, Inc. d/b/a Village Vault.

## *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs are estopped and barred by their own conduct from recovering any relief.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the applicable Statute of Limitations.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred in whole or in part by plaintiffs' own contributory and/or comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrines of waiver, estoppel and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, breached no duty owed to the plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate any damages, if any.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs have suffered no damage, and the defendant, Village Gun Shop, Inc. d/b/a Village Vault, owes the plaintiffs nothing.

### ELEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs sustained damages as alleged in the Amended Complaint, they were caused by the acts of a third person, which acts the defendant, Village Gun Shop, Inc. d/b/a Village Vault, had no reason to anticipate and of which person the defendant had no knowledge, and over whom they had no control.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, denies that any monies are due from it to the plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

If the plaintiffs suffered any damage as alleged, such damages were incurred by the plaintiffs as a result of their own negligent conduct and breach of the agreements.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, did not breach any duty owed, if any, to the plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, did not owe any duty to the plaintiffs as a result of the plaintiffs' conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, was justified in its conduct and acts and are, therefore, not liable to the plaintiffs as alleged in the Amended Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that the plaintiffs' Amended Complaint fails to set forth facts constituting a cause of action upon which relief can be granted, and therefore, the plaintiffs cannot recover.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that the plaintiffs' alleged damages, if any, were caused by persons other than the defendant, Village Gun Shop, Inc. d/b/a Village Vault, their agents, servants or employees, and the plaintiffs' alleged damages, if any, were caused by persons for whose conduct the defendant is not responsible, and therefore the plaintiffs cannot recover.

### NINTEENTH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that the plaintiffs have failed to bring this action within the time period required by law regarding limitations of actions, and therefore the plaintiffs cannot recover and the Amended Complaint should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that the plaintiffs' Amended Complaint is subject to dismissal because of insufficiency of process and insufficiency of service of process.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that its practices, contrary to the allegations contained in the Amended Complaint, are lawful.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, alleges that at all times relevant to this litigation it acted in good-faith and reasonably based upon all relevant factors and circumstances known to it at the time of its actions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, says that at all times relevant to this litigation its acts were justified and/or privileged under the circumstances and/or mandated or expressly or impliedly permitted by governing law.

### *NOTICE OF ADDITIONAL AFFIRMATIVE DEFENSES*

The defendant, Village Gun Shop, Inc. d/b/a Village Vault, hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

## REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, the defendant, Village Gun Shop, Inc. d/b/a Village Vault, respectfully request that the Court enter a judgment as follows:

(a)     Dismissing the plaintiffs' Amended Complaint in its entirety, on the merits, and with prejudice;
(b)     Denying the plaintiffs requests for declaratory and injunctive relief in their entirety; and

(c)     Awarding the defendant, Village Gun Shop, Inc. d/b/a Village Vault attorney's fees and costs.

THE PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES CONTAINED IN THIS COMPLAINT.

        Village Gun Shop, Inc. d/b/a Village Vault
        By its attorney

        /s/ James J. Gribouski
        James J. Gribouski, Esquire    BBO# 211240
        Glickman, Sugarman, Kneeland & Gribouski
        11 Harvard Street - P.O. Box 2917
        Worcester, MA 01613

Date:  May 24, 2012        (508) 756-6206