UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:12-cv-40032-JLT

RUSSELL JARVIS, JAMES JARVIS, ROBERT CRAMPTON and COMMONWEALTH SECOND AMENDMENT, INC.
                Plaintiffs,

v.

VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,
                Defendants.

## ANSWER OF DEFENDANT MARY E. HEFFERNAN, IN HER OFFICIAL CAPACITY AS SECRETARY OF PUBLIC SAFETY AND SECURITY

The State defendant, Secretary Mary E. Heffernan, in her Official Capacity as Secretary of Public Safety and Security, submits the following Answer to the Amended Complaint filed by the plaintiffs:

1. The allegations of paragraph 1 of the Amended Complaint contain characterizations of the nature of the lawsuit and legal conclusions that require no response.

2. The allegations in paragraph 2 consist of legal conclusions that require no response.

3. The allegations in paragraph 3 contain characterizations of the nature of the lawsuit and legal conclusions that require no response.

4. The allegations of paragraph 4 require no response.

5. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. The defendant, Mary E. Heffernan, is the Secretary of Public Safety and Security, and her office is in Boston, Massachusetts.

11. The allegations in paragraph 11 are conclusions of law that require no response.

12. The allegations in paragraph 12 are conclusions of law that require no response.

13. The allegations in paragraph 13 are conclusions of law that require no response.

14. The allegations in paragraph 14 are conclusions of law that require no response.

15. The allegations in paragraph 15 are conclusions of law that require no response.

16. The allegations in paragraph 16 are conclusions of law that require no response.

17. The allegations in paragraph 17 are conclusions of law that require no response.

18. The allegations in paragraph 18 are conclusions of law that require no response.

19. The allegations in paragraph 19 are conclusions of law that require no response.

20. The allegations in paragraph 20 are conclusions of law that require no response.

21. The allegations in paragraph 21 are conclusions of law that require no response.

22. The allegations in paragraph 22 are conclusions of law that require no response.

23. The allegations in paragraph 23 are conclusions of law that require no response.

24. The allegations in paragraph 24 are conclusions of law that require no response.

25. The allegations in paragraph 25 are conclusions of law that require no response.

26. The allegations in paragraph 26 are conclusions of law that require no response.

27. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. The allegations in paragraph 31 are conclusions of law that require no response.

32. The allegations in paragraph 32 are conclusions of law that require no response.

33. The State defendant admits that the Executive Office of Public Safety and Security has not issued regulations governing the operation of bonded warehouses.

34. The State defendant admits that the Executive Office of Public Safety issued a notice of public hearing, dated August 30, 2007, regarding, among other things, a regulation concerning "Storage of Weapons: Bonded Warehouses," as disclosed in 1086 Mass. Reg. 56 (Sept. 7, 2007). The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35. The allegations in paragraph 35 are conclusions of law that require no response.

36. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. The State defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. The State defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. The State defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. The State defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. The allegations in the second sentence of paragraph 54 are conclusions of law that requiring no response.  The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55.  The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.  The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. The State defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 57.

58. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. The State defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63-76.  The allegations of paragraphs 63 through 76 are conclusions of law and/or prayers for relief that do not require a response.  If any specific allegations therein require a response they are denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

2. The plaintiffs do not have standing to raise the claims asserted in the Amended Complaint.

3. The plaintiffs are not entitled to any judicial relief requiring the State defendant issue or promulgate any regulations because the statute under which the

plaintiffs proceed, G. L. c. 140, § 129D, does not require regulations be so promulgated.

4. The plaintiffs are not entitled to judicial relief that requires the State defendant to comply with state law given the state's immunity from suit under the Eleventh Amendment to the United States Constitution, the doctrine of sovereign immunity, and the principles enunciated by the United States Supreme Court in <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984), and its progeny.

WHEREFORE, the State defendant respectfully requests that this Court:

1. Dismiss plaintiffs' Amended Complaint with prejudice; and

2. Deny the plaintiffs' requests for declaratory and injunctive relief in their entirety.

                                          Respectfully submitted,

                                          SECRETARY MARY E. HEFFERNAN, IN HER OFFICIAL CAPACITY AS SECRETARY OF PUBLIC SAFETY AND SECURITY**,**

                                          By her attorney,

                                          MARTHA COAKLEY
                                          ATTORNEY GENERAL

                                          /s/ David R. Marks
                                          _____
                                          David R. Marks, BBO No. 548982
                                          Assistant Attorney General
                                          Office of the Attorney General
                                          One Ashburton Place, Room 2019
                                          Boston, MA 02108-1698
                                          (617) 963-2362
                                          Facsimile:  (617) 727-5785
June 26, 2012                           david.marks@state.us.ma

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above Answer was filed through the Electronic Case Filing (ECF) system on June 26, 2012, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF); paper copies will be served by first-class mail, postage prepaid, to those indicated on the NEF as non-registered participants.

      /s/ David R. Marks

      _____

      David R. Marks

June 26, 2012