UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. ) 1:12-cv-40032 |
| -against- | ) ) |
| VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT SUBMISSION
PURSUANT TO L.R. 16.1**

The parties make this Joint Submission pursuant to Local Rule 16.1.

I.   DISCOVERY PLAN

    1.    **Topics on which Discovery may be Needed**

- Rates, terms, and conditions of Defendant Village Gun Shop ("Village Vault")

- Village Vault's advertising

- Village Vault's revenues and sources of revenue

- Complaints, court proceedings, and other investigations or inquiries into Village Vault's provision of "bonded warehouse" services

- Companies related to Village Vault

- Overall number of firearms and ammunition held by Village Vault as a "bonded warehouse" and disposition of same – whether returned to owners, auctioned, or otherwise

- Village Vault's auction results – firearms and ammunition auctioned, sales results, and identity of purchasers

- Village Vault's files related to the three named individual plaintiffs (Russell Jarvis, James Jarvis, and Robert Crampton) including notices, communications, and disposition of the firearms and ammunition involved

- All documents and any other pertinent information related to proposed regulations of "bonded warehouses" held by either Village Vault or the office of Secretary Heffernan

- Records, documentation and/or information relating to damages alleged to have been sustained by Plaintiffs from action of Village Vault.

- Records, documentation and/or information relating to the Plaintiffs claims of wrong doing by Village Vault.

- Records, documentation and/or information relating to allegations by the Plaintiffs that Village Vault deprived the Plaintiffs of protected constitutional and property interests.

- Records, documentation and/or information relating to the Plaintiffs allegations that Village Vault is a state actor and acts under the color of State law.

- Records, documentation and/or information relating to all other allegations against Village Vault which have been raised by the Plaintiffs in their Amended Complaint.

**2.     Proposed Tiered Discovery Approach**

The parties agree that it would be most expeditious to use a tiered approach that seeks to minimize the need for depositions and the overall burden and expense of discovery.  Specifically, the parties would like to attempt to identify factual issues that are not disputed at the outset of the litigation.  Hence, after conferring, the parties propose the following discovery plan.

(a)  Phase I (Basic Facts).  The discovery process will commence with Plaintiffs serving a list of proposed undisputed facts on Defendants.  Defendants will review these proposed fact statements and determine what issues are indeed undisputed.  Defendants will advise Plaintiffs of the facts that are undisputed and will also submit their own counter-statement of undisputed facts.  All parties will

work in good faith to attempt to reach agreement on as many undisputed facts as possible. Plaintiffs will also serve interrogatories and requests for production on Defendants along with their list of proposed undisputed facts. These interrogatories and requests for production will be limited to address several factual issues that the parties have already determine will not be amenable to the "proposed undisputed facts" arrangement outlined above:

- Village Vault's documents related to the 3 named Plaintiffs

- Village Vault's rates, terms, and other conditions

- Documents showing the revenues of Village Vault and what revenues are earned for what activities and/or services

- Documents showing the outcome of Village Vault's auctions and identifying the items auctioned, the purchasers, the sales prices, and the dates

- All advertising placed by Village Vault

- Village Vault's auction notices

- Complaints, court proceedings, and other investigations or inquiries into Village Vault's "bonded warehouse" services

- All documents related to the regulation/proposed regulation of bonded warehouses (from EOPS and Village Vault)

- All documents related to complaints about bonded warehouses, requests for intervention with bonded warehouses, etc. (from EOPS)

This phase will require 60 days.

(b)    Phase II (Factual Refinement).    Both Plaintiffs and Defendants will participate in a round of written discovery after the development of the basic facts in Phase I. The written discovery will consist of interrogatories, requests for production, and/or requests for admissions. Plaintiffs may serve subpoenas on third parties (notably, other businesses providing gun storage services in

Massachusetts) to the extent it is necessary to do so at the conclusion of Phase I. Moreover, to the extent this discovery would go beyond the limits set by this Court's Local Rules or the Federal Rules, the parties agree to work in good faith to negotiate new limitations that will attempt to minimize the overall burden of discovery.  This phase will also require 60 days.

(c)  Phase III (Depositions).  If and to the extent it is necessary to do so at the conclusion of Phase II, the parties will take depositions.  Plaintiffs may take the depositions of authorized representatives of both Defendants (Village Gun Shop, Inc. and EOPS Secretary Mary E. Heffernan).   Defendants may take the depositions of the three individual Plaintiffs (Russell Jarvis, James Jarvis, and Robert Crampton).   Either party may take depositions from other businesses providing gun storage services in Massachusetts.  This phase (if necessary) will require 60 days.

(d)  Expert Witnesses.  The parties' view, after conferring, is that it will not be possible to determine whether expert testimony is needed until factual development is complete.  At this point, it is impossible to know whether it will be necessary to rely on the testimony of an outside expert to establish certain issues.   As such, the parties have agreed that it would be most efficient to determine whether they need to rely on expert testimony after the period for fact discovery ends.

**3.     Contemplated Motions**

Defendants anticipate making dispositive motions (*e.g.* demurrers) grounded in Rule 12 after the basic facts have been established in Phase I.  Both Plaintiffs and

Defendants anticipate making summary judgment motions after the conclusion of both fact and expert discovery.

**4.      Issues with Electronically Stored Information**

There do not appear to be any issues with the production of electronically stored information.

**5.      Issues with Claims of Privilege or Work Product Protection**

Based on the parties' current understanding, there are no issues with claims of privilege or work product protection.

**6.      LR 16.1(d)(3) Certifications**

The requisite certifications are annexed hereto.  Plaintiffs' counsel discussed the LR 16.1(d)(3) considerations with Plaintiff Robert Crampton, but has been unable to obtain a signed certification form from him in time to submit to the Court.

**II.      LOCAL RULE 16.1 TOPICS**

**1.      Matters to be Discussed at the Scheduling Conference**

- The parties' proposed tiered discovery plan;
- the contemplated motions and their proposed schedule; and
- the appropriate scheduling of the next court conference.

**2.      Proposed Pretrial Schedule**

| | |
|---|---|
| Initial Disclosures [R. 26(a)(1)] | 26 September 2012 |
| Scheduling Conference | 4 October 2012 |
| Plaintiffs commence Phase I Discovery | 16 October 2012 |
| Defendants' Phase I Responses | 16 November 2012 |
| Defendants File 12(b) Motions | *after* 16 November 2012 |

| | |
|---|---|
| Phase II Discovery Begins | 17 December 2012 |
| Phase II Discovery Ends | 18 February 2013 |
| Joining Parties or Amending Pleadings | 25 February 2013 |
| Parties will notify Court of any Depositions | 25 February 2013 |
| Any Phase III Depositions Completed | 22 April 2013 |
| Parties Determine whether Experts Needed | 14 days after fact discovery |
| Expert Identification and Disclosure | *to be determined* |
| Summary Judgment Motions | 30 days after discovery ends |

3.      **Whether Trial by Magistrate Judge would be Appropriate**

After considering the matter, the parties do not feel that trial before a magistrate

judge would be appropriate.

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,

 /s/ David D. Jensen
David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com
Admitted *Pro Hac Vice*

Patrick M. Groulx, Esq.
BBO No. 673394
POLIS LEGAL
P.O. Box 45504
Somerville, Massachusetts 02145
Tel:  978.549.3124
Fax:  617.500.9955

Dated: September 26, 2012          pgroulx@polislegal.com

VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/   Wayne M. LeBlanc
Wayne M. LeBlanc, Esquire
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street -  P.O. Box 2917
Worcester, MA  01613-2917
Tel.  508-756-6206
Dated:  September 26, 2012          BBO#: 290875


VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/David J. Kneeland
David J. Kneeland, Esquire
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street -  P.O. Box 2917
Worcester, MA  01613-2917
Tel.  508-756-6206
Dated: September 26, 2012          BBO#: 275730


SECRETARY MARY E. HEFFERNAN,   Defendant
By Its Attorney,

/s/ David R. Marks
David R. Marks, Esquire
BBO No. 548982
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108-1698
Tel. (617) 963-2362
Dated: September 26, 2012          david.marks@state.us.ma

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>                              Plaintiffs,<br><br>          -against-<br><br>VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.
1:12-cv-40032

## __L.R. 16.1(d)(3)__ CERTIFICATION

The undersigned counsel and client hereby certify that they have conferred:

(c)  with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and

(d)  to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Dated: September 24, 2012

Respectfully submitted,

THE PLAINTIFFS,

By their attorneys,


 /s/ David D. Jensen
David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Admitted *Pro Hac Vice*

Thomas Bolioli
*on behalf of* Commonwealth
Second Amendment, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 1:12-cv-40032 |

### L.R. 16.1(d)(3) CERTIFICATION

The undersigned counsel and client hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Dated: September 24, 2012

Respectfully submitted,

THE PLAINTIFFS,

By their attorneys,

/s/ David D. Jensen
David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Admitted *Pro Hac Vice*

Russell Jarvis

James Jarvis

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL JARVIS; JAMES JARVIS; ROBERT )
CRAMPTON; and COMMONWEALTH SECOND )
AMENDMENT, INC., )
                  Plaintiffs )
  )
VS: ) CIVIL ACTION NO: 1:12-cv-40032-JLT
  )
VILLAGE GUN SHOP , INC. d/b/a VILLAGE )
VAULT; and SECRETARY MARY E. )
HEFFERNAN, in her Official Capacity )
As Secretary of the Executive Office of Public )
Safety and Security, )
                 Defendants )
  )

## *DEFENDANT, VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT'S CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)*

Certification is hereby made that said Defendant, by and through its authorized

representative, and Defendant's counsel have conferred with a view to establishing a budget for

the costs of conducting the full course – and various alternative courses – of said litigation.


Said Defendant and Defendant's counsel have considered the resolution of said litigation

through the use of Alternative Dispute Resolution programs such as those outlined in LR 16.4.

Respectfully submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/  Wayne M. LeBlanc

_____

Wayne M. LeBlanc, Esquire
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street -  P.O. Box 2917
Worcester, MA  01613-2917
Tel.  (508) 756-6206
BBO#: 290875

Dated: September 26, 2012

Respectfully submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/  David J. Kneeland

_____

David J. Kneeland, Esquire
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street -  P.O. Box 2917
Worcester, MA  01613-2917
Tel.  (508) 756-6206
BBO#: 275730

Dated: September 26, 2012

VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant

_____

Peter G. Dowd, President and Authorized
Representative

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:12-cv-40032 |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

The undersigned certify that we have conferred:

(a)      with a view to establishing a budget for the costs of conducting the full

course-and various alternative courses-of the litigation; and

(b)      to consider the resolution of the litigation through the use of alternative

dispute resolution programs such as those outlined in LR 16.4.

MARTHA COAKLEY
ATTORNEY GENERAL

SECRETARY MARY E. HEFFERNAN, in
her Official Capacity as Secretary of the
Executive Office of Public Safety
And Security

_/s/ David R. Marks_____
Assistant Attorney General

__/s/ T. Jane Gabriel_____
Acting General Counsel, Executive Office
of Public Safety and Security

Dated: September 25, 2012

1

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 27 September 2012.

 /s/ David D. Jensen
David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com
Admitted *Pro Hac Vice*