UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,[*]<br>　　　　　　　　　　　　Defendants. | ) CIVIL ACTION NO.<br>) 1:12-cv-40032-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SECRETARY ANDREA CABRAL'S MOTION
UNDER FED. R. CIV. P. 56(d) TO DEFER RESPONSE TO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT AND FOR LEAVE TO CONDUCT LIMITED
DISCOVERY PRIOR TO RESPONDING TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Now comes the defendant, Secretary Andrea Cabral as she is Secretary of the Executive Office of Public Safety and Security, ("Secretary") and moves this honorable Court to defer consideration of, and the Secretary's need to respond to, the plaintiffs' motion for partial summary judgment and allow the Secretary a limited time (30-60 days) to take discovery to enable a complete response to the motion for summary judgment.  In support hereof, the Secretary relies on the Affidavit of David R. Marks, filed herewith and incorporated herein by reference, and the following reasons.  Under Fed. R. Civ. P. 56(d), the defendant has shown that it cannot present facts essential to justify its opposition to the motion for summary judgment.

On October 14, 2013, the plaintiffs filed their motion for partial summary judgment and the Court has allowed defendants until November 22, 2013 to respond to this motion.  Although the motion seeks judgment only against defendant Village Vault it also seeks a declaration that

---

[*]Under Fed. R. Civ. P. 25(d), Andrea Cabral, as the successor in office, is substituted as a party.

certain provisions of G. L. c. 140, § 129D, a statute administered in part by the Secretary, violates the Due Process clause of the United States Constitution.  The complaint in this case was filed on or about April 27, 2012.  On October 4, 2012, the Court (Tauro, J.) ordered that, other than filing a list of proposed deponents, "[n]o further discovery is permitted without leave of this Court."  (Document No. 20).  No party thereafter sought leave to conduct further discovery.  Nonetheless, the plaintiffs have now sought summary judgment, supported by factual averments in their own declarations.

As discussed in the Affidavit of David R. Marks, filed herewith, a limited time for discovery is essential to enable the defendant to justify its opposition to the plaintiff's motion.  Fed. R. Civ. P. 56(d).  The plaintiffs essentially claim that, as a matter of due process, they are entitled to notice and a hearing before their guns, having been lawfully seized by the police, are transferred to a storage facility at which they incur storage charges.  They also claim that G. L. c. 140, § 129D, that authorizes the police to transfer the guns to a storage facility, also authorizes, in violation of due process requirements, the storage facility to auction the guns in the event the storage fees are not paid within a certain time period.  The plaintiffs support this claim, in part, by presenting facts showing a lack of notice regarding the transfer in their individual cases.  And, they allege interactions and conversations with unnamed police personnel on some non-specific dates.  The defendants need further discovery to determine if there is evidence or information to corroborate, contradict or explain the facts plaintiffs have alleged.

Moreover, the requirements of due process are flexible and will vary depending on the particular deprivation involved.  Morrissey v. Brewer, 408 U.S. 471, 481 (1972).  What due process requires depends on time, place and circumstances, and the procedural protections required are what the particular situation demands.  Gilbert v. Homar, 520 U.S. 924 (1997).

2

Given the fact-sensitive nature of the due process inquiry, the defendant's need for factual development of relevant information should not be artificially truncated.

Here, the defendants need to determine whether any member of the State Police or the Tewksbury Police Department (over whom the defendant has no control) have any information regarding any notice to the plaintiffs of the provisions of G. L. c. 140, § 129D.  The defendants may very well prevail on an argument that the statute itself gives the plaintiffs notice of the possibility that the police will transfer the guns to a storage facility, especially given that possession of firearms is highly regulated and the plaintiffs are licensed under the statutory scheme.  But such an argument, based on a legal presumption, is made stronger if there is evidence, that either in the course of applying for or being granted a license, or as the result of the plaintiff having been sent notice of the suspension of a license to carry, or firearms identification card, plaintiffs were notified that the provisions of G. L. c. 140, § 129D apply.

A motion under Fed. R. Civ. P. 56(d)[1] as amended April 28, 2010, should be construed generously, to allow a party additional time to gather facts essential to an opposition.  Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1178, 1203 (1st Cir. 1994).  And, as is done here, the motion under Rule 56(d) should be submitted before the date an opposition to summary judgment is due.  See Deere & Co. v. Ohio Gear, 462 F. 3d, 701, 706 (7th Cir. 2006).

Here, because no discovery was attempted by any party, and where a court order precluded such discovery without further leave, there is good cause for defendant not to have previously obtained discovery germane to the issues raised in the motion for summary judgment. Other than in the allegations of the complaint, plaintiffs had not disclosed the substance of their arguments until the filing of the motion for summary judgment.  Here, there has been no dilatory

---

[1] The provisions of former Fed. R. Civ. P. 56(f) were moved into Fed. R. Civ. P. 56(d) in 2010.  See Advisory Committee Notes for 2010 Amendments, dated April 28, 2010, effective December 1, 2010.

behavior.  Slightly more than one year and one month has passed from the time of the initial scheduling conference, until the present.  There have been no deadlines imposed or violated in that time frame.  Cf. Resolution Trust Corp., 22 F.3d at 1205-1206 and Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 11-12 (1st Cir. 2007) (plaintiffs failed to comply with discovery deadlines and extensions).  Moreover, some of the factual allegations plaintiffs make are entirely new.  For example, plaintiffs never gave any notice that James Jarvis, Jr. was a potential witness or had material information.  Nonetheless his declaration is submitted in support of plaintiff's motion for summary judgment.

The information defendant seeks is essential to its opposition to the motion for summary judgment.  The plaintiffs aver that the police did not tell them that their guns might be turned over to a private storage facility under G. L. c. 140, § 129D.  But the plaintiffs provide no information about whether they might have become aware of the provisions of G. L. c. 140, § 129D in some other way.  For example, according to information from plaintiffs' counsel, each of the plaintiffs seems to have had their licenses suspended or revoked, or have otherwise had to re-apply in the time prior to, or when, the police took possession of their guns.  Under G. L. c. 140, § 131(d)(vi), James Jarvis became disqualified to have a license to carry when the G. L. c. 209A restraining order was entered against him on July 9, 2010.  The local police chief that licensed him may have at that time issued a letter of suspension which might have included a reference to section 129D.  Similarly, Russell Jarvis had his license to carry lapse in 2003 or 2004, according to information from his attorney.  He may also have been notified to surrender his guns and referred to G. L. c. 140, § 129D.  Mr. Crampton as well, according to information from his attorney, had a firearms identification card lapse and may have received a notice from his licensing authority.  This information may shed important light on plaintiffs' claims of a lack

4

of notice of the provisions of section 129D.  See Resolution Trust Corp., 22 F.3d at 1206-1207.

Indeed, at least one police chief (Bridgewater, MA), according to the Affidavit of David R.

Marks, has issued a letter denying a license to carry that expressly referenced G. L. c. 140, §

129D.  Thus, the facts sought, if found, will "influence the outcome of the pending motion for

summary judgment."  Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 127 (1st Cir.

2006) (internal quotations and citations omitted).

The discovery that defendant seeks to conduct should only take 30-60 days.  The

plaintiffs have already answered, by electronic mail in the last two days, many of the questions

defendant would pose as interrogatories.  These questions and answers need only be propounded

in a formal way and should be sworn to.  Among other things, these answers confirm that at least

one of the plaintiffs, James Jarvis, had his license to carry suspended by the Cheshire Police

Department.  The defendant will seek to examine whether Cheshire sent Jarvis a letter of

suspension which referred to G. L. c. 140, § 129D.[2]  Similarly, the firearms records of the local

licensing authorities for each plaintiff and of the state Firearms Records Bureau will shed light

on the plaintiffs' knowledge of firearms laws in general and of section 129D in particular.  These

records can be obtained within 30-60 days, although the Secretary does not control local police

chiefs and process may be required.  Plaintiffs' submission of material facts includes references

to conversations and interactions they had with police personnel.  It is essential, for defendant to

have an opportunity to determine whether these facts are disputed or not, for defendant to be

granted time to investigate the details of these interactions with the relevant police officials.

Under the circumstances of this case, the additional time will not prejudice the plaintiffs in any

way.

---

[2] As disclosed in the Affidavit of David R. Marks, at least one local licensing authority (Town of Bridgewater) has issued suspension or denial notices to licensees that expressly referred to G. L. c. 140, § 129D.

For all these reasons --

(1) that no discovery has been conducted, following initial disclosures, by any party by order

of the Court;

(2) that defendants have not engaged in any obstructive behavior;

(3) that the Secretary has shown by affidavit that additional facts are essential to her

opposition;

(4) that these facts are made material by the plaintiffs' own averments; and

(5) that the discovery sought is circumscribed both in scope and time – this Court should

defer its consideration of plaintiffs' motion for summary judgment and allow the

defendant 30-60 days in which to conduct further discovery, at which time defendant

should be allowed to complete and file its opposition to plaintiffs' motion for summary

judgment.

Respectfully Submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

For:    SECRETARY ANDREA CABRAL,
in her Official Capacity as Secretary of the
Executive Office of Public Safety
And Security

_/s/ David R. Marks__
Assistant Attorney General
Office of the Attorney General
BBO No. 548982
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 963-2362
Facsimile:  (617) 727-5785
david.marks@state.us.ma

Dated:  November 21, 2013

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above motion was filed through the Electronic Case Filing (ECF) system on date, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF).

/s/ David R. Marks

Dated:  November 21, 2013                    David R. Marks

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. D. MASS 7.1(A)(2).</u>

I, David R. Marks, counsel for the Secretary, certify that I have conferred with plaintiffs' counsel and have attempted in good faith to resolve or narrow the issue presented in this motion.

/s/ David R. Marks

Dated:  November 21, 2013                    David R. Marks