UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>                      Plaintiffs,<br><br>-against-<br><br>VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,*<br>                      Defendants. | CIVIL ACTION NO.<br>1:12-cv-40032-JLT |

## AFFIDAVIT OF DAVID R. MARKS

I, David R. Marks, hereby depose and state the following:

1. I am an Assistant Attorney General for the Commonwealth of Massachusetts. I have been assigned to represent the defendant, Andrea Cabral, as she is the Secretary of the Executive Office of Public Safety and Security.

2. The plaintiffs have filed a Motion for Partial Summary Judgment against Defendant Village Gun Shop, Inc. d/b/a Village Vault in this matter. The motion seeks declaratory relief and judgment as to liability as to defendant Village Gun Shop. The relief sought includes a judicial declaration that procedures provided by G. L. c. 140, § 129D, a statute the Secretary is charged with administering, violate the constitutional rights to due process of the plaintiffs.

3. The plaintiffs have filed in support of their motion for summary judgment supporting affidavits, exhibits, and declarations that purport to set forth undisputed material facts

---

*Under Fed. R. Civ. P. 25(d), Andrea Cabral, as the successor in office, is substituted as a party.

1

warranting the entry of summary judgment.

4. Other than the filing and service on September 25, 2012, of initial disclosures under Fed. R. Civ. P. 26(a)(1) and District Court Local Rule 26.2(a), there has been no further discovery in this case. The parties jointly submitted, in September, 2012, a discovery plan, none of which has been undertaken.

5. On October 10, 2012, this Court ordered that "no further discovery [other than filing lists of proposed deponents] is permitted without leave of this court." (Document No. 20 Judge Joseph L. Tauro.) Since that time, no party has sought, and no leave of court has been granted, to conduct any discovery in this case.

6. Nonetheless, on October 14, 2013, the plaintiffs filed their motions for partial summary judgment. The plaintiffs' declarations allege facts that the defendants have not had the ability or opportunity to test by deposition or by pursuing discovery of corroborative or conflicting evidence. The plaintiffs also support their motion for summary judgment with the declaration of a witness, James Jarvis, Jr., the son of plaintiff James Jarvis, whose existence as a potential witness was never disclosed by the plaintiff; nor was his name among the allegations of the complaint in this case. Indeed, in plaintiffs' Initial Disclosures, submitted to defendants on September 26, 2012, plaintiffs identified individuals "likely to have discoverable information that plaintiffs may use to support its claim and defenses," but James Jarvis, Jr. was not listed. (See Exhibit A attached hereto.)

7. In his declaration in support of the motion for summary judgment, plaintiff Robert Crampton argues that the Tewksbury police took certain actions, made certain statements, and failed to give him certain information, but Crampton fails to identify any of the police officers involved and fails to append any police report to his declaration. Included among his arguments

is his claim that he was not given any notice that the Tewksbury Police would transfer his guns to defendant Village Vault.

8. Similarly, in their declarations in support of the motion for summary judgment, plaintiffs Russell Jarvis and James Jarvis also allege that they gave certain information to the State Police and were provided certain information by the State Police, but do not identify the personnel to whom they spoke, or the specific date(s) of the conversation(s). They also allege they had no notice their guns would be transferred to Village Vault for storage.

9. The defendant needs an opportunity to explore the details surrounding these allegations to determine if evidence exists to corroborate, contradict, or supplement the plaintiffs' statements. The defendants do not control the Tewksbury police and process may be required to obtain further information. Importantly, the plaintiffs have alleged, and the evidence of record shows, that significant time passed between the date the police took possession of the plaintiffs' guns and the date they were turned over to Village Vault. In the case of James Jarvis the guns were taken on July 9, 2010 and were turned over to Village Vault on August 11, 2010. In the case of Robert Crampton, the guns were taken on June 2, 2010 and they were turned over to Village Vault on November 15, 2010. Discovery should be allowed the defendant to determine whether actual notice of the provisions of G. L. c. 140, § 129D was given to the plaintiffs during those time frames, and of what efforts plaintiffs made to produce alternative repositories for their guns during that time.

10. The Secretary will argue that the provisions of G. L. c. 140, § 129D give the plaintiffs notice that their guns were liable to be turned over to a public bonded warehouse for storage and that they are presumed to know the law because they have licenses in the heavily regulated field of firearms possession. But, such a legal presumption is made stronger if there is

evidence of such knowledge as a matter of fact. For this reason, defendant should be allowed to seek further information from the local licensing authorities that issued plaintiffs their licenses and any other information regarding statements plaintiffs might have made on applications and renewal applications regarding their knowledge of the gun laws and the content of any gun safety courses they may have attended. Additional information about plaintiffs' licenses will be found in the records of the Firearms Records Bureau.

11. I am personally aware that at least one local police chief (Bridgewater, Massachusetts) has expressly included in a notice to firearms licensees, in that case that a license application has been denied, that the licensee's guns must be surrendered to the police and will be handled under the provisions of G. L. c. 140, § 129D. Plaintiffs Russell Jarvis, James Jarvis, and Robert Crampton have, at various times, had their licenses or firearms identification card suspended or otherwise become invalid and may have gotten, from their local licensing authority, a letter reflecting such loss of license that referenced G. L. c. 140, § 129D. The local licensing authority (local police chief) is not under the control of the Secretary, and process may need to issue to obtain such records.

12. On November 20 and 21, 2013, I consulted with plaintiffs' counsel, by electronic mail, and got additional information about some of these issues from the plaintiffs. The information is not sworn, as answers to interrogatories will be, and cannot presently be used for purposes of the motion for summary judgment. But, the information provided demonstrates that discovery may uncover additional material facts.

13. The specific information defendant seeks includes the answers to certain interrogatories to be propounded of the plaintiffs and their witness, records to be found at the Tewksbury Police Department, the Massachusetts State Police, the local licensing authorities that

issued plaintiffs' licenses, and the Firearms Records Bureau. Such information should be able to be sought and obtained in 30-60 days, and a more complete response to the motion for summary judgment could be filed thereafter. It should be added that this case seems to be susceptible of final resolution on the basis of motions for summary judgment and full and fair consideration of the constitutional issues raised requires a limited opportunity for discovery.

Sworn to under the penalties of perjury, this 21st day of November, 2013.

David R. Marks

Dated: November 21, 2013

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,

    Plaintiffs,

-against-

VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY MARY E. HEFFERNAN, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,

    Defendants.

CIVIL ACTION NO.
1:12-cv-40032

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs disclose the following information pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Local Rule 26.2 of this Court, and the Court's Order of September 12, 2012 (Doc. No. 13). Plaintiffs reserve the right to supplement this disclosure.

**Identity of Each Individual Likely to Have Discoverable Information that Plaintiffs May Use to Support its Claims or Defenses [Rule 26(a)(1)(i)]:**

| Name | Address | Subject Matter |
| --- | --- | --- |
| Russell Jarvis | c/o counsel | Seizure of firearms and turnover to and sale By Defendant Village Gun Shop |
| James Jarvis | c/o counsel | Seizure of firearms and turnover to and sale by Defendant Village Gun Shop |
| Lisa J. Jarvis | unknown | Seizure of firearms by police |
| Trooper Canata | Mass. State Police 1141 N. State Rd. Cheshire, MA 01225 | Seizure of firearms and/or turnover of the guns to Defendant Village Gun Shop |

EXHIBIT A

| | | |
|---|---|---|
| Robert Crampton | c/o counsel | Seizure of firearms and turnover to and sale by Defendant Village Gun Shop |
| Brenda Conlon | Elder Services of Merrimack Valley, Inc. 360 Merrimack St. Building 5 Lawrence, MA 01843 | Notified police of loss of Mr. Crampton's firearms |
| Sgt. Timothy W. Kelly | Tewksbury Police 918 Main St. Tewksbury, MA 01876 | Seizure of firearms from Mr. Crampton and turnover to Defendant Village Gun Shop |
| Thomas Bolioli | c/o counsel | Impact of "bonded warehouse" issues on Comm2A |
| Brent Carlton | c/o counsel | Impact of "bonded warehouse" issues on Comm2A |
| Peter Dowd | c/o counsel | Operation of Defendant Village Guns Shop |

**Documents, Electronic Information, and Things that Plaintiffs May Use to Support their Claims or Defenses [Rule 26(a)(1)(ii)]:**

Documents and electronic information within Plaintiffs' possession, custody, or control are produced herewith. Aside from the individual Plaintiffs' gun licenses, Plaintiffs do not have possession, custody, or control of any such tangible items, and do not know the current location of the firearms and ammunition that were auctioned.

**Name, address, and telephone number of individuals likely to have discoverable information relevant to disputed facts [Court's Order]:**

There is no information beyond that disclosed above pursuant to Rule 26(a)(1)(i).

**Copy or description of all documents and tangible things in possession of party that are relevant to disputed facts [Court's Order]:**

There is no information beyond that disclosed above pursuant to Rule 26(a)(1)(ii).

**Computation of damages [Rule 26(a)(1)(iii)]:**

The market value of the guns that Plaintiffs Russell Jarvis, James Jarvis, and Robert Crampton lost was at least $2,800. See the Sworn Statement of Thomas Bolioli, supplied herewith.

**Any insurance agreements [Rule 26(a)(1)(iv)]:**

There are no pertinent insurance agreements.

Dated: September 26, 2012

          THE PLAINTIFFS,
          By their attorneys,

          /s/ David D. Jensen
          David D. Jensen, Esq.
          DAVID JENSEN PLLC
          111 John Street, Suite 230
          New York, New York 10038
          Tel: 212.380.6615
          Fax: 917.591.1318
          david@djensenpllc.com
          Admitted *Pro Hac Vice*

          Patrick M. Groulx, Esq.
          BBO No. 673394
          POLIS LEGAL
          P.O. Box 45504
          Somerville, Massachusetts 02145
          Tel: 978.549.3124
          Fax: 617.500.9955
          pgroulx@polislegal.com

          *Attorneys for Plaintiffs*