UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>                      Plaintiffs,<br><br>-against-<br><br>VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,*<br>                      Defendants. | CIVIL ACTION NO.<br>1:12-cv-40032-JLT |

## AFFIDAVIT OF DAVID R. MARKS

I, David R. Marks, hereby depose and state the following:

1.    I am an Assistant Attorney General for the Commonwealth of Massachusetts. I have been assigned to represent the defendant, Andrea Cabral, as she is the Secretary of the Executive Office of Public Safety and Security ("Secretary").

2.    The plaintiffs have filed a Motion for Partial Summary Judgment against Defendant Village Gun Shop, Inc. d/b/a Village Vault in this matter. The motion seeks declaratory relief and judgment as to liability as to defendant Village Gun Shop. The relief sought includes a judicial declaration that procedures provided by G. L. c. 140, § 129D, a statute the Secretary is charged with administering, violate the constitutional rights to due process of the plaintiffs.

3.    The plaintiffs have filed in support of their motion for summary judgment supporting affidavits, exhibits, and declarations that purport to set forth undisputed material facts warranting the entry of summary judgment.

---

*Under Fed. R. Civ. P. 25(d), Andrea Cabral, as the successor in office, is substituted as a party.

4. Other than the filing and service on September 25, 2012, of initial disclosures under Fed. R. Civ. P. 26(a)(1) and District Court Local Rule 26.2(a), there has been no further discovery in this case. Indeed, on October 10, 2012, this Court ordered that "no further discovery [other than filing lists of proposed deponents] is permitted without leave of this court." (Document No. 20 Judge Joseph L. Tauro.) Since that time, no party has sought, and no leave of court has been granted, to conduct any discovery in this case.

6. Nonetheless, on October 14, 2013, the plaintiffs filed their motions for partial summary judgment. The plaintiffs' declarations allege facts that the defendants have not had the ability or opportunity to test by deposition, interrogatory, or by pursuing discovery of corroborative or conflicting evidence. As a result, on November 21, 2013, the Secretary filed a motion, under Fed. R. Civ. P. 56(d), that requested the Court defer decision on plaintiffs' motion for summary judgment and allow the Secretary a limited time to conduct discovery before she needed to file an opposition to the summary judgment motion. As an example of how some further factual development of the issues will be beneficial, I expect that, since James Jarvis's license to carry firearms was suspended by the Adams, Massachusetts Police Department, a letter from the Adams police to the plaintiff James Jarvis, regarding the suspension of his firearms license, will demonstrate that Jarvis received actual notice that G. L. c. 140, § 129D applied to his situation, before his guns were transferred to a storage facility. This letter would tend to undermine Jarvis's factual assertion that he had no notice that his guns would be so transferred. Additional time is needed, however, to obtain admissible evidence of that letter.

7. I spent significant time reviewing plaintiffs' submissions, researching the case law governing Fed. R. Civ. P. 56(d), and drafting an affidavit and the motion I filed on November 21, 2013. At the same time, I had responsibilities for the Office of the Attorney

General in other cases I am handling. And, I researched and reviewed the case law in the area of constitutional due process requirements, raised by the plaintiffs in their motion for summary judgment, in an attempt to draft an opposition to the motion, without the benefit of factual development or discovery. But it has become apparent that it is impossible to submit an adequate opposition to the summary judgment motion, on behalf of the Secretary, by today's filing deadline.

8. Given the press of other business and the occurrence of the Thanksgiving holiday, and pending the Court's decision on the Secretary's motion to defer consideration of the summary judgment motion and allow limited discovery, I request an extension of time to file an opposition until December 6, 2013. The plaintiffs will not be prejudiced by the allowance of this request. I have consulted with counsel for the plaintiffs and counsel for the defendant, Village Vault. Counsel for the plaintiffs assents to this request and further has asked for additional time to submit a reply to the defendants' opposition to the motion for summary judgment, to 14 days following December 6, 2013, i.e., December 20, 2013. Plaintiffs' counsel has also stated his intention to respond to the Secretary's motion filed on November 21, 2013, on this Tuesday, November 26, 2013. Counsel for the defendant Village Vault also assents to this request and also requested that his opposition be made due on December 6, 2013.

Sworn to under the penalties of perjury, this 22nd day of November, 2013.

/s/ David R. Marks
_____
David R. Marks