UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br> Plaintiffs <br><br> VS: <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity As Secretary of the Executive Office of Public Safety and Security, <br> Defendants | CIVIL ACTION NUMBER: <br> 1:12-cv-40032-JLT |

### DEFENDANT, VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT, VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT

*BRIEF STATEMENT OF MATERIAL FACTS*

The core of this action brought by the Plaintiffs, centers around a law in the Commonwealth of Massachusetts established under Massachusetts General Laws, Chapter 140, Section 129D (the "Statute") by the Legislature of the Commonwealth of Massachusetts. This Statute requires any person who possesses firearms, rifles, shotguns, machine guns and ammunition and whose Firearms License or a Firearm Identification Card which has either been revoked, suspended or denied to surrender such items to the licensing authority who granted said person such license or card. From this action, so begins the involvement of Defendant, Village Gun Shop, Inc. d/b/a Village Vault.

In the instant case, two separate incidents occurred involving two specific Plaintiffs, James Jarvis and Robert Crampton. The brief facts in the Jarvis case are that, the Massachusetts State Police took custody of the firearms (guns) and ammunition from James Jarvis on or about July 9, 2010 [Plaintiff's Statement of Undisputed Material Facts #22].

On or about August 11, 2010, the Massachusetts State Police contacted Defendant, Village Gun Shop, Inc. d/b/a Village Vault ("Village Vault"), completed a formal written inventory of the firearms and ammunition of Plaintiff, James Jarvis, and turned custody of the firearms and ammunition of said Plaintiff over to Village Vault. Village Vault, having full authority under the Statute took custody of said firearms and ammunition, gave notice to Plaintiff, James Jarvis, sent invoices to said Plaintiff, failed to receive payment for said invoices from said Plaintiff, gave said Plaintiff Notice of Default and intent to sell said firearms and ammunition at public auction, arranged for the public auction of said firearms and ammunition and sent a Settlement Letter to said Plaintiff relating to the sale proceeds of the public auction and the monies due Village Vault from said Plaintiff as a result of the processing and storage of said Plaintiff's firearms and ammunition. All of this activity was conducted by Village Vault under the procedures outlined by the Statute. [Village Vault's Affidavit, ¶¶ 12 - 16].

In the second incident, the brief facts in the Crampton case, are that the Town of Tewksbury, Massachusetts Police took custody of the firearms (guns) and ammunition from Robert Crampton on or about June 2, 2010 [Plaintiff's Statement of Undisputed Material Facts #22].

On or about November 15, 2010, the Town of Tewksbury Police contacted Defendant, Village Vault, completed a formal written inventory of the firearms of Plaintiff, Robert Crampton, and turned custody of the firearms and ammunition of said Plaintiff over to Village Vault. Village Vault, having full authority under the Statute took custody of said firearms and ammunition, gave notice to Plaintiff, Robert Crampton, sent invoices to said Plaintiff, failed to receive payment for said invoices from said Plaintiff, gave said Plaintiff Notice of Default and intent to sell said firearms and ammunition at public auction, arranged for the public auction of said firearms and ammunition and sent a Settlement Letter to said Plaintiff relating to the sale proceeds of the public auction and the monies due Village Vault from said Plaintiff as a result of the processing and storage of said Plaintiff's firearms and ammunition. [Village Vault's Affidavit, ¶¶ 17-21].

## *ISSUES PRESENTED*

1. Was Village Vault obligated to afford the Plaintiffs due process relating to the action which was undertaken by it?

2. Is Village Vault liable to the Plaintiffs for the action it took relating to the Plaintiffs' firearms and ammunition?

## *ARGUMENT*

Village Vault, in both the case of Plaintiffs, James Jarvis and Robert Crampton, took action in response to the state and local police departments taking custody of the firearms and ammunition of these individuals. Village Vault has no involvement and, is not required to have any knowledge of the reasoning for actions by the police departments relating to the individual Plaintiffs. The state statute does not make Village Vault a "state actor" as the Plaintiffs allege.

Village Vault is a private, state and federally licensed dealer in firearms, weapons and ammunition who has established the criteria necessary for taking custody of, storing and processing firearms and ammunition which are turned over to it by state and local police departments of the Commonwealth of Massachusetts.

The operation of Village Vault's business is done as a private enterprise under a facility which is operated and controlled by it, based upon Village Vault's licenses, permits, bonding, security and status of the building. No state or federal funds are granted or supplied to Village Vault for use in the operation of its business.

The Massachusetts Legislature, in passing this Statute, intended to protect the public from individuals keeping and retaining firearms, weapons and ammunition after their privilege to hold them was revoked, suspended and/or denied due to licensing authorities making a determination relating to individuals. The United States Supreme Court has determined that the health and safety of the public must be protected in certain instances. Certainly the control and use of firearms, weapons and ammunition is one of those instances. Indeed, "protection of health and safety is a paramount governmental interest" Hodel v. VA. Surface Mining, 452 US 264, 300 (1981).

In the case of Hightower v. City of Boston, 695 F.3d 61 (1st Cir. 2012), The First Circuit held that:

1. The revocation of a license did not violate the Second Amendment;
2. The Massachusetts Revocation Statute does not violate the Second Amendment;
3. The Plaintiff had no equal protection clause claim; and
4. The Plaintiff had no procedure due process claim.

This case sets a standard for the issue of violation of due process by holding that any depravation must be "arbitrary and capricious". In the case at bar, the allegations of the Plaintiffs that they have been deprived of their personal property as a result of the actions by Village Vault is without merit. Village Vault did not act "arbitrarily or capriciously" in its activities of storing, auctioning and distributing the proceeds from said auctions. It merely acted in accordance with the letter of the Massachusetts Statute.

In applying the facts to the Massachusetts Statute in this case, the police departments and Village Vault, with respect to Plaintiffs, James Jarvis and Robert Crampton, acted in accordance with and in compliance with the procedures and requirements of the Statute. The facts are clear, and the Exhibits presented by both the Plaintiffs and Defendant, Village Vault, clearly indicate as follows:

1. Custody of the firearms, weapons and ammunition was transferred from the police to Village Vault pursuant to the Statute;
2. Village Vault is a federally and Massachusetts licensed dealer in firearms, weapons and ammunition pursuant to the Statute;
3. Village Vault is a Bonded Warehouse pursuant to the Statute;

4. Village Vault inspected the firearms, weapons and ammunition and made a formal written inventory of such pursuant to the Statute;
5. Village Vault issued a receipt with all of the necessary details (the inventory), to the owner and, further, outlined in its receipt the storage terms (itemized), the payment and the options which the owner has pursuant to and in excess of the Statute;
6. Village Vault further, after the storage charges had been in arrears for 90 days or more, gave a Notice of Default to the owner, requesting the owner to make payment of the arrears and informing the owner that if arrears were not paid by a specified date, the firearms, weapons and ammunition would be sold at public auction, said notice being in excess of the requirements of the Statute;
7. Village Vault disposed of the owners firearms, weapons and ammunition by public auction and provided a notice of the net sales proceeds along with an accounting of applying such proceeds to the storage and related charges of Village Vault by way of a Settlement Letter pursuant to the Statute; and
8. The Statute does not, nor does any other statute, rule or regulation relating to Village Vault's activity, impose liability upon Village Vault for its compliance with the procedures and requirements of the Statute.

[Village Vault's Affidavit, ¶¶13-21]

The Plaintiffs had an opportunity to take action immediately after receiving Village Vault's notice by certified mail, return receipt requested, to limit the storage fee costs and regain control of their firearms, weapons and ammunition merely by making arrangements with a properly licensed individual or firearms dealer to make a transfer of or sale of their property. [Village Vault's Affidavit, ¶¶ 13 and 18].

More specifically relating to said Plaintiffs, in this action, Village Vault gave them the opportunity to transfer or sell their firearms to a firearms dealer or a properly licensed individual at any time, provided the administrative and storage fees, up to the point of transfer, were paid in full to Village Vault. [Village Vault's Affidavit, ¶¶ 13 and 18].

## CONCLUSION

The Massachusetts Statute, passed by the Massachusetts Legislature, established a firm process for protecting the public from risks inherent with individuals possessing firearms who find themselves without the privileges of licenses or approvals and enable the firearms, weapons and ammunition, placed in the custody of state and local police departments, to be properly stored and properly and systematically returned to the authority of their owners through a proper process and through a properly licensed firearms dealer or individual. Village Vault carried out this process as promulgated under this Statute and in compliance with the procedures and requirements set forth in said Statute. It is for these reasons that the Plaintiffs' Motion for Partial Summary Judgment against Defendant, Village Gun Shop, Inc. d/b/a Village Vault should be denied.

Respectfully submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/Wayne M. LeBlanc

---

### Wayne M. LeBlanc, Esquire

Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street - P.O. Box 2917
Worcester, MA  01613-2917
Tel. (508) 756-6206
BBO#: 290875

Dated: November 22, 2013


Respectfully submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/David J. Kneeland

---

### David J. Kneeland, Esquire

Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street - P.O. Box 2917
Worcester, MA  01613-2917
Tel. (508) 756-6206
BBO#: 275730

Dated: November 22, 2013