UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSEL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br>     Plaintiffs <br><br> VS: <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity As Secretary of the Executive Office of Public Safety and Security, <br>     Defendants | CIVIL ACTION NUMBER: <br> 1:12-cv-40032-JLT |

### *DEFENDANT, VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT, VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT*

#### PROCEDURAL HISTORY

On November 22, 2013, the defendant, Village Gun Shop, Inc. d/b/a Village Vault, submitted a Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment. Since that date, this Court has granted a motion allowing the defendant, Village Gun Shop, Inc. d/b/a Village Vault ("Village Vault"), to submit a supplemental memorandum in opposition to the plaintiffs' Motion for Partial Summary Judgment. Accordingly, the defendant now respectfully submits this memorandum to supplement its memorandum dated November 22, 2013.

#### ISSUE PRSENTED

1. Was Village Vault a state actor as that term is defined in the plaintiffs' Motion for Partial Summary Judgment?

ARGUMENT

    Village Vault is not a state actor as alleged in the Plaintiffs' Motion for Partial Summary Judgment. While Village Vault acted pursuant to Massachusetts General Law, Chapter 140, Section 129D, as well as the protocols of state and local police departments, Village Vault is a private business. To be sure, Village Vault operates within state and federal licensure requirements in its sales and storage of firearms, weapons, and ammunition. But the business enterprise in no way receives state or federal funds for use in the operation of its private

business. The Supreme Court of the United States has clearly distinguished the actions of a private actor from those of a state actor in several important cases.

State action subject to Fourteenth Amendment review requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999), quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). In Sullivan, private insurers who disputed the reasonableness or necessity of medical procedures would withhold payment from employees. Id. at 45. To withhold payment, insurers would file a form with the Workers' Compensation Bureau, which is a part of the Pennsylvania Department of Labor and Industry. Id. The state agency would rely, in turn, on private "utilization review organizations" comprised of health care providers to review the insurers' request and to determine whether the insurer would be required to pay the employee. Id. at 46. Despite the insurers' reliance on a state statute to withhold the payments, and despite a procedure that clearly involves a state agency (the Department of Labor and Industry), the court held that the decisions of insurers to withhold payment and seek review of the reasonableness and necessity of medical procedures cannot be fairly deemed state action. Id. at 58.

The mere fact of that a private party is subject to state regulation does not make such private party a state actor. "Most fundamentally, this Court has held that a government 'normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [government].'" San Francisco Arts & Athletics v. U.S. Olympic Committee, 483 U.S. 522, 546. To be sure, where "the Government creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government for purposes of [individuals' constitutional rights]." Lebron v. National R.R. Passenger Corp., 513 U.S. 374 (1995). But "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982).

Village Vault, in complying with Massachusetts General Law, Chapter 140, Section 129D, remained a private party and cannot reasonably considered a state actor. Even though Village Vault relied on state authority to store firearms, mere reliance on a statute cannot alone serve as the basis of state action. See Sullivan, 526 U.S. at 50 (holding that decisions of private insurance companies to withhold payments pursuant to state statute are not state actions). Indeed, the government did not coerce or significantly encourage Village Vault in its decision to auction the guns after storage charges remained unpaid, but rather, Village Vault exercised a business decision pursuant to its own established practices. See U.S. Olympic Committee, 483 U.S. at 546 (holding that, where government did not exercise coercive power or significant encouragement, the United States Olympic Committee was not a government actor). The defendant's business is in no way a corporation created specifically to exercise a government function, but rather is an independent business enterprise that provides goods and services primarily to paying customers. Cf. National R.R. Passenger Corp., 513 U.S. 374 (holding that Amtrak, with all voting stock owned by the United States government and a board controlled by government approved officials, can reasonably be considered a government actor). As an

independent business, instead of a state actor, Village Vault should not be subject to Fourteenth Amendment notice provisions as suggested by the defendant. See Kohn, 457 U.S. at 837 (holding that a private school, even though heavily funded, supported, and regulated by the state, is not considered a state actor).

## CONCLUSION

Village Vault carried out its business in compliance with Massachusetts statutory law. The business did not, however, receive substantial funding from the state or operate under the direct coercion or ownership of the United States government. The Supreme Court has clearly established that private businesses do not automatically become state actors by merely working with state agencies or complying with the laws of a state. In the case at bar, the defendant, Village Vault, was not a state actor, and the defendant therefore should not be subject to the Fourteenth Amendment due process provisions as suggested by the plaintiffs. For these reasons, the plaintiffs' Motion for Partial Summary Judgment against defendant, Village Vault, should be denied.

Respectfully Submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/ Wayne M. LeBlanc

Wayne M. LeBlanc, Esq.
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street – P.O. Box 2917
Worcester, MA 01613-2917
Tel. (508) 756-6206
Dated: August 15, 2014    BBO#: 290875


Respectfully Submitted,
VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT,   Defendant
By Its Attorney,

/s/ David J. Kneeland, Jr.

David J. Kneeland, Jr., Esq.
Glickman, Sugarman, Kneeland & Gribouski
11 Harvard Street – P.O. Box 2917
Worcester, MA 01613-2917
Tel. (508) 756-6206
Dated: August 15, 2014    BBO#: 275730