UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br>                Plaintiffs,<br><br>-against-<br><br>VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security,[*]<br>                Defendants. | CIVIL ACTION NO.<br>1:12-cv-40032-JLT |

## DEFENDANT SECRETARY OF PUBLIC SAFETY'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 and Local Rule 56.1, the defendant, Secretary of Public Safety respectfully submits that there is no dispute as to the following material facts, as reflected in the Plaintiffs' Statement of Material Facts ("Plaintiffs' Statement") and as further described by the attached materials.

1. With respect to Paragraphs 1 through 5, of Plaintiffs' Statement, the Secretary admits these facts are undisputed for present purposes.

2. James Jarvis had been issued a Firearms Identification Card ("FID card") in 1980 by the Adams Police Department, and continuously had it in effect, with one exception, until it was suspended in July 2010. (By operation of law, Jarvis's FID card expired on March 23, 2000, and it was not reinstated until October 13, 2004.) [James Jarvis Deposition of March 7, 2014, attached hereto as Attachment A, pp. 10-11; Ex. 1, 4, 5 to James Jarvis Deposition, attached hereto as Attachments B, C, and D.]

3. In addition, Jarvis had a License to Carry Firearms issued on November 28, 2007 by the Cheshire Police Department. [Attachment A, pp. 23; Attachment B.]

---

[*]Under Fed. R. Civ. P. 25(d), Andrea Cabral, as the successor in office, is substituted as a party.

4.      With respect to Paragraphs 6 through 15, of Plaintiffs' Statement, the Secretary admits these facts are undisputed for present purposes, with one exception. In Paragraph 6, plaintiffs allege that "[a]t all material times, Plaintiff Russell Jarvis has held a valid LTC issued pursuant to M. G. L. c. 140, § 131." In fact, Russell Jarvis's license to carry firearms expired on December 8, 2006, and he did not get a new license issued until July 28, 2010. Russell Jarvis first got licensed to have firearms in 1955. [Russell Jarvis deposition of May 21, 2014, attached hereto as Attachment E; pp. 6-7, 12-13; Ex. 1 to Russell Jarvis Deposition, attached hereto as Attachment F; Ex. 3 to Russell Jarvis Deposition attached hereto as Attachment G.]

5.      In approximately 2004 or 2005, James Jarvis built a gun cabinet in his house in Cheshire, Massachusetts. [Attachment A, pp. 17-19, 45-46; Attachment E, pp. 16-20.] James Jarvis, his father Russell Jarvis, and his son James A. Jarvis, II all stored their guns in this cabinet and each of them had free access and permission to take and use any of the guns, sharing them all. [Attachment A, pp. 17-20; Attachment E, pp. 18-20, 29, 54-55.

6.      In the early-morning of July 9, 2010 , James Jarvis was arrested by the Massachusetts State Police for assault and battery on his wife, Lisa Jarvis. As a result of this the North Adams District Court, at 1:00 a.m. on July 9, 2010, issued an emergency restraining order against James Jarvis ordering him not to abuse his wife, not to contact her, to leave and stay away from their residence. As a result of this order, that same morning, the State Police seized the over 30 firearms, ammunition and other weapons that James Jarvis possessed in his residence. [Reports of Massachusetts State Police attached hereto as Attachment H; Attachment A, pp. 47, 54-56; Certified copy of North Adams District Court File, No. 201028RO0163, attached hereto as Attachment I.]

7.      With respect to Paragraphs 16 through 19 of Plaintiffs' Statement, the Secretary admits these facts are undisputed for present purposes.

8.      At 9:45 a.m. on July 9, 2010, James Jarvis appeared at a hearing in North Adams District Court, at which his wife appeared as well, and a judge reviewed the restraining order that had been issued earlier that morning. The order was then extended to August 9, 2010 and a hearing was scheduled for that date. [Attachment I.]

9.      On August 9, 2010, another hearing was held before a judge of the North Adams District Court at which both Jarvis and his wife appeared, both represented by counsel. After this hearing, the restraining order against Jarvis was continued in effect until August 2, 2011. [Attachment I.]

10.     Another hearing was held on November 18, 2010, both Jarvis and his wife appearing, the order was modified and continued again to August 2, 2011. On August 2, 2011, the restraining order was vacated. [Attachment I.]

11.     With respect to Paragraphs 20 through 36 of Plaintiffs' Statement, the Secretary is without sufficient information or documentation to either admit or dispute Plaintiffs' alleged undisputed facts, specifically with regard to which firearm or other item seized by the State Police belonged to, or was owned by, which Jarvis family member, as no documentation of

ownership has been presented for the vast majority of the items.

12. On July 9, 2010, after he left the residence he had shared with his wife, James Jarvis moved into his father's and mother's house at 6 Davis Street in Adams, Massachusetts. He lived there for two years. [Attachment A, pp. 57-58; Attachment E, pp. 36-37.] During that time frame, as long as the restraining order against James Jarvis was in effect, the State Police were not able to return the guns to Russell Jarvis, with whom James was living. [Attachment E, pp. 40-41.] Indeed, at the time Russell Jarvis spoke to the State Police, he was not then licensed to carry firearms, and the police were not able to give him the guns lawfully. [Attachment E, pp. 12-13, 41-44; Attachment F; Attachment G.]

13. Russell Jarvis did not tell the police that he wanted to transfer his guns to anyone in particular. Nor did James or Russell Jarvis notify the police in writing to transfer the guns to anyone in particular. [Attachment A, pp. 58-60; Attachment E, pp. 40-44.]

14. On July 21, 2010, the Adams Police Chief sent James Jarvis a letter suspending Jarvis's Firearms Identification Card, under G. L. c. 140, § 129B. This letter informed Jarvis that his firearms were required to be surrendered, along with his Firearms Identification Card, to the licensing authority where he resided, "in accordance with M.G. L. c. 140, § 129D." [Attachment A, pp. 76-79; Ex. 7 to Deposition of James Jarvis, attached hereto as Attachment J.] James Jarvis did not look at the statute or ask his lawyer to. [Attachment A, pp. 76-78.]

15. Both Russell Jarvis and James Jarvis were aware of the laws governing gun licensing and possession and safety, and knew it was important to know the laws. [Attachment A, pp. 11-13, 15-17, 20-22, 25-26; Attachment E, pp. 7-8, 61-62.]

16. The Secretary admits that the facts in Paragraphs 37 through 46 of the Plaintiffs' Statement are undisputed for present purposes.

17. Plaintiff Robert Crampton was issued a Firearms Identification Card in the late 1960's. [Robert Crampton, Responses to Interrogatories, attached hereto as Attachment K.]

18. After Crampton gave his firearms to the Tewksbury Police on June 2, 2010, he was told that he needed to obtain a current license. [Attachment K.]

19. Robert Crampton never requested the Tewksbury Police to transfer his guns and ammunition to any specific individual. [Attachment K.]

20. Crampton did not, after June 2, 2010, apply for a new Firearms Identification Card or a License to Carry Firearms, and none was ever issued. [Attachment K.]

21. The Secretary admits that the facts in the "Affidavit of Defendant, Village Gun Shop, Inc. d/b/a Village Vault in Opposition to Plaintiffs' Motion for Partial Summary Judgment Against Defendant, Village Gun Shop, Inc. d/b/a Village Vault by Peter G. Dowd" are undisputed for present purposes.

Respectfully Submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

For:   SECRETARY ANDREA CABRAL,
       in her Official Capacity as Secretary of the
       Executive Office of Public Safety
       And Security

_/s/ David R. Marks__
Assistant Attorney General
Office of the Attorney General
BBO No. 548982
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 963-2362
Facsimile: (617) 727-5785
david.marks@state.us.ma

Dated: August 21, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed through the Electronic Case Filing (ECF) system on date, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF).

/s/ David R. Marks

David R. Marks

Dated: August 21, 2014