# ATTACHMENT K

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:12-cv-40032 |

**PLAINTIFF ROBERT CRAMPTON'S RESPONSE TO**
**INTERROGATORIES OF SECRETARY ANDREA CABRAL**

Plaintiff Robert Crampton responds to the Defendant Secretary Cabral's Interrogatories pursuant to the Federal Rules of Civil Procedure, notably Rules 26 and 33, and the Local Rules of this Court, as follows:

**PRELIMINARY**

1. These responses are for use in this action, only.

2. Plaintiffs reserve the right to supplement or amend these responses as may become necessary in the future.

3. Plaintiffs have exercised reasonable care to avoid disclosing privileged or protected information. In the event that any privileged or protected information is inadvertently disclosed, Plaintiffs reserve their right to demand the immediate destruction and/or return of this information pursuant to (*inter alia*) Rule 26(b)(5)(B).

4. In submitting these responses Plaintiffs do not waive any evidentiary objection, privilege, or protection, except as expressly stated in this Response (*e.g.* that a document is authentic).

5. These preliminaries are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

-2-

## RESPONSES TO INTERROGATORIES

1. Please identify yourself, including home address and date of birth, and anyone, other than counsel, who assisted you in preparing the answers to these interrogatories.

   RESPONSE: Robert H. Crampton, 93 Fairway Drive, Tewksbury, MA 01876; date of birth is ████ 1927.

2. In what localities have you been granted a license to carry firearms or a firearms identification card? Please provide these dates of issue and expiration.

   RESPONSE: Mr. Crampton obtained a Firearms Identification Card ("FID") in Somerville, Massachusetts in the ~~early 1930~~s [late 1960's]. The FID stated its "date of expiration" was "Indefinite unless revoked or suspended." Otherwise, none.

3. Have you ever had your license to carry or firearms identification card suspended or revoked or other action taken? Is so, by what authority, for what issue was your license or card suspended or revoked, and on what dates?

   RESPONSE: No.

4. Did you receive a letter, notice, communication, or documentation regarding the suspension, revocation, or other action? If so, please identify the document and provide a copy.

   RESPONSE: Not applicable.

5. Did you receive a letter, notice, communication or documentation regarding the upcoming (or past) expiration of your firearms identification card? If so, please identify the document and provide a copy.

   RESPONSE: No.

6. Have you ever previously surrendered firearms to the police or any other authority? If so, to what department or authority and on what dates? Please provide information on what issues caused you to surrender your firearms, if and when they were returned to you, and by what authority or entity. Please identify all documentation you received at the time and provide a copy.

RESPONSE: No (aside from the incident at issue in this case).

7. Have you taken a gun owner's safety course in the past? Did you obtain a certificate? If so, by which instructor or authority? Please provide dates of certificates issued, and dates of expiration if any.

    RESPONSE: Mr. Crampton was trained in firearms safety while serving in the U.S. Navy during World War II, but he does not recall receiving a certificate for this training.

8. What did you do with your revolver, shotguns, and ammunition when you lived in Florida during the late 1990's? If you left any of them in Massachusetts, where did you store them, in whose custody, was the holder licensed and what, if any, was the fee?

    RESPONSE: Mr. Crampton took the guns and ammunition with him to Florida.

9. When the Tewksbury Police came to your residence on June 1 and 2, 2010, did you inform them of the presence of your guns and ammunition? Did you voluntarily surrender them to the police?

    RESPONSE: No, but Mr. Crampton responded in the affirmative when asked whether he owned guns and ammunition. Mr. Crampton did not "voluntarily surrender" these items to the police officers, but he did not resist when the police officers returned and stated that they were taking them.

10. On June 2, 2010, when you gave the Tewksbury Police your guns and ammunition, did the police provide you with any notice or additional information regarding the surrender of your guns and ammunition? Was this notice given in writing or verbally? Please identify the document(s) and provide a copy. What did the police tell you they would do with your guns and ammunition?

    RESPONSE: The Tewksbury police officers provided Mr. Crampton with two documents entitled "Firearms Recovery/Seizure Form," which were produced as part of Plaintiffs' initial disclosures under the control numbers COMM2A 00014 and COMM2A 00015. The police officers told Mr. Crampton that he needed to obtain a current license. The police officers did not say what they would do with the guns and ammunition.

11. Did you ever request the Tewksbury Police or any other authority to transfer your guns to a specific individual or entity? Please provide specific dates and names of individual

police department members or state authorities you submitted this request to, as well as any written documentation confirming your requests. To what specific individual did you wish to transfer your guns and ammunition? Was that person licensed at the time, and after, the Tewksbury Police took custody of your guns and ammunition?

RESPONSE: No.

12. Did you show the police, or provide, any documentation of your legal ownership of certain guns, or their ownership by another person? Please provide specific dates and names of individual police department members to whom you submitted this documentation.

RESPONSE: Mr. Crampton showed the Tewksbury police officers his FID card, identified above. Mr. Crampton does not recall the specific date on which this took place, but based on the Tewksbury Police Department's records this would have occurred on June 1-2, 2010. One of the officers was "Sgt. Kelly."

13. Please provide the names and contact information of any witnesses, including family members and former legal counsel, who may have spoken to any police departments on your behalf, and any written documentation they submitted on your behalf regarding your gun license ownership or transfer requests. Please identify any and all information you may have received about the provisions of G. L. c. 140, § 129D at the time the Tewksbury Police took custody of your guns and ammunition.

RESPONSE: Plaintiff objects that this interrogatory is vague and overly broad in requesting information about any individuals "who may have spoken to any police departments on your behalf," and Plaintiff further objects to the extent this interrogatory seeks information that is or would be protected by the attorney-client privilege. Without waiving these objections, and in an attempt to respond to this interrogatory to the extent possible, Mr. Crampton recalls that Steven Crampton (11 Clorinda Road, Wilmington, MA 01887) and social worker Brenda Conlon (360 Merrimack Street, Building 5, Lawrence, MA 01840) spoke with Tewksbury police officers in connection with the June 2010 incident in which his firearms and ammunition were seized, but Mr. Crampton does not agree that these individuals spoke "on [his] behalf." The only documents provided to Mr. Crampton were the two "Firearms Recovery/Seizure Form" documents identified previously, which do not identify § 129D.

14. After June 2, 2010, did you apply to any police department or licensing authority for a new firearms identification card or a license to carry firearms? If so, which one and what was the result? If not, why not, and when did you decide not to?

RESPONSE: No.

15. During the time you owned or possessed firearms, describe any attempts you made, or occasions you had, to become familiar with or learn about the Massachusetts gun laws, including the provisions of G. L. c. 140, §§, 121-131P. When did you first become aware of G. L. c. 140, § 129D?

RESPONSE: Plaintiff objects that this interrogatory is vague and overly broad in its request for "occasions you had[] to become familiar with or learn about the Massachusetts gun laws." Without waiving this objection, and in an attempt to respond to this interrogatory to the extent possible, Mr. Crampton recalls that he learned of the requirement to obtain an FID by hearing an announcement on the television or radio *in the 1960's*. Mr. Crampton received a notice from Defendant Village Gun Shop in November 2010, and this notice references § 129D. Mr. Crampton was not aware of any of the actual parameters of § 129D until he became involved in this lawsuit.

Dated: May 3, 2014

David D. Jensen, Esq.
NYS Attorney Registration No. 4234449
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com
Admitted *Pro Hac Vice*

Patrick M. Groulx, Esq.
BBO No. 673394
POLIS LEGAL
P.O. Box 45504
Somerville, Massachusetts 02145
Tel: 978.549.3124
Fax: 617.500.9955
pgroulx@polislegal.com

*Attorneys for Plaintiffs*

15. During the time you owned or possessed firearms, describe any attempts you made, or occasions you had, to become familiar with or learn about the Massachusetts gun laws, including the provisions of G. L. c. 140, §§, 121-131P. When did you first become aware of G. L. c. 140, § 129D?

RESPONSE: Plaintiff objects that this interrogatory is vague and overly broad in its request for "occasions you had[] to become familiar with or learn about the Massachusetts gun laws." Without waiving this objection, and in an attempt to respond to this interrogatory to the extent possible, Mr. Crampton recalls that he learned of the requirement to obtain an FID by hearing an announcement on the television or radio. Mr. Crampton received a notice from Defendant Village Gun Shop in November 2010, and this notice references § 129D. Mr. Crampton was not aware of any of the actual parameters of § 129D until he became involved in this lawsuit.

David D. Jensen, Esq.
NYS Attorney Registration No. 4234449
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com
Admitted *Pro Hac Vice*

Patrick M. Groulx, Esq.
BBO No. 673394
POLIS LEGAL
P.O. Box 45504
Somerville, Massachusetts 02145
Tel: 978.549.3124
Fax: 617.500.9955
pgroulx@polislegal.com

Dated: May 6, 2014

*Attorneys for Plaintiffs*

I have read the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge, information and belief.

DATED: 5/8/14

_____
Robert Crampton