```
                                    Volume I
                                    Pages 1 to 129
                                    Exhibits 1 to 8
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - -x
                                  :
RUSSELL JARVIS; JAMES JARVIS;     :
ROBERT CRAMPTON; and              :
COMMONWEALTH SECOND               :
AMENDMENT, INC.,                  :  Civil Action
         Plaintiff,               :  No.
                                  :  1:12-cv-40032
    -against-                     :
                                  :
VILLAGE GUN SHOP, INC. d/b/a,     :
VILLAGE VAULT; and SECRETARY      :
MARY E. HEFFERNAN, in her         :
Official Capacity as              :
Secretary of the Executive        :
Office of Public Safety and       :
Security,                         :
         Defendants.              :
                                  :
- - - - - - - - - - - - - - - - -x

    DEPOSITION OF JAMES JARVIS, a witness called on behalf of Defendant Secretary Mary E. Heffernan, taken pursuant to the Federal Rules of Civil Procedure, before Nancy M. Kingsbury, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Office of the Attorney General, 10 Mechanic Street, Worcester, Massachusetts, on Friday, March 7, 2014, commencing at 2:08 p.m.

PRESENT:

    David Jensen PLLC
        (by David D. Jensen, Esq.)
        111 John Street, Suite 420
        New York, NY 10038, for the Plaintiff.
        david@djensenpllc.com
        212.380.6615

(Continued on the next page)

PRESENT (Continued):

    Glickman, Sugarman, Kneeland & Gribouski
        (by Wayne M. LeBlanc, Esq.)
        P. O. Box 2917
        Worcester, MA 01609,
        for Defendant Village Gun Shop, Inc.,
        d/b/a Village Vault.
        leblanc@gskandg.com
        508.756.6206

    Office of the Attorney General
        (by David R. Marks, Asst. Attorney General)
        One Ashburton Place, 20th Floor
        Boston, MA 02108,
        for Defendant Secretary Mary E. Heffernan.
        david.marks@state.ma.us
        617.727.2200, ext. 2362

ALSO PRESENT:  Alex Mooradian, student intern

                \* \* \* \* \*

1 surrendering your guns?

2     A.   I don't believe so. They told me that they
3 would be stored there, and I'm positive everything
4 else after that was left to the court.

5     Q.   Did they ever tell you that what happens is
6 governed by, among other things, the law having to
7 do with firearms and the law having to do with
8 restraining orders?

9     A.   They told me under a restraining order that
10 your guns, you have to surrender your guns and
11 surrender your LTC.

12     Q.   And that's under Chapter 209A, which has to
13 do with restraining orders. Do you recall anyone
14 mentioning 209A?

15     A.   I remember them talking about a restraining
16 order. I mean, I'm unsure of what law letters are,
17 and numbers.

18     Q.   Do you have any memory what happened to the
19 assault and battery charge?

20     A.   Yes.

21     Q.   What happened?

22     A.   It was thrown out and the judge said that
23 it should have never come before him.

24     Q.   What judge was that?

1    A.    Judge Ripps.

2    Q.    So he didn't like the charge, but he
3 maintained the restraining order?

4    A.    Uh-huh.

5    Q.    Did your wife -- are you aware of whether
6 your wife asked not to prosecute the assault and
7 battery?

8    A.    She told me that she never pressed the
9 assault and battery.  The State Police pressed it.
10 When we finally got into court for it, the charge
11 stated that I may have brushed her.  When the judge
12 asked what "brushed" was, she said, "He never
13 touched me in any way," and the judge actually told
14 the DA, "Get this out of here.  This should have
15 never come to court."  And it was just completely
16 wiped out.

17    Q.    But if -- we don't need to go there.  All
18 right.

19    So when this happened, you left your home
20 and you went to your father's house, right?

21    A.    Uh-huh.

22    Q.    And the police took the guns.  Again, I may
23 have already asked this question:  Why did you think
24 that no matter what happened, your father could get